IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILEY ZACHARY CARROLL                                    PLAINTIFF

v.                                                   No. 4:10CV78-P-A

LIEUTENANT EARNEST KING, ET AL.                          DEFENDANTS

### REPORT AND RECOMMENDATION

On August 19, 2010, plaintiff Wiley Zachary Carroll, an inmate in the custody of the East

Mississippi Correctional Facility with inmate number 71373, appeared before the undersigned

for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to determine

whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983.  A plaintiff's

claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner

alleges the violation of a legal interest that does not exist."  *Martin v. Scott*, 156 F.3d 578 (5th

Cir. 1998)(citations omitted).  The Prison Litigation Reform Act applies to this case because the

plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that on February 12, 2010, he was on lockdown for allegedly

possessing a shank – an allegation later dismissed.  Defendant Earnest King awakened Carroll at

2:00 a.m. that day and presented him with a detention notice.  The plaintiff, who was heavily

medicated and drowsy, tore up the detention notice, and King sprayed him with pepper spray for

doing so.  The plaintiff also claims that during the grievance process Warden Timothy Morris

attempted to justify King's use of mace by falsely claiming that the detention notice had a value

greater than $100.00.  The Mississippi Department of Corrections later found the use of mace to

---

[1]28 U.S.C. § 1915(g).

be unjustified.

### *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that defendant Christopher Epps had any personal involvement or was causally connected to the incident in any way. As such, the undersigned respectfully recommends that the plaintiff's allegations against Christopher Epps be dismissed for failure to state a constitutional claim. The plaintiff's claims against the remaining defendants, Earnest King and Timothy Morris, will proceed.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 9th day of September, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE