**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILEY ZACHARY CARROLL**                                            **PLAINTIFF**

**v.**                                               **No. 4:10CV78-A-A**

**LIEUTENANT EARNEST KING, ET AL.**                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Wiley Zachary Carroll, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Carroll alleges that the defendants used excessive force against him by spraying him with a chemical agent and then refused to provide him medical treatment for the pepper spray on his face and body. The defendants have moved for summary judgment, arguing that the use of chemical agent was reasonable under the circumstances, or in the alternative, that the defendants are protected under the doctrine of qualified immunity. The defendants also argue that Carroll's injuries were de minimis and he thus does not meet the standard of deliberate indifference necessary to sustain his claim of denial of medical care. Carroll has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced

to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

The facts in this case are not in legitimate dispute. On February 12, 2010, at 2:00 a.m., the plaintiff was sprayed with chemical spray by Lt. Earnest King for disobeying King's order, turning his back on King, and tearing up a detention notice. Carroll states that as a result he suffered burning and irritation from the chemical spray lasting two weeks. Carroll was examined and treated by medical staff within thirty minutes of the incident. He washed his eyes and body with running water forty-five minutes after being sprayed and fell asleep fifteen minutes later. By 5:00 a.m., he refused medical and psychiatric treatment and demanded to be taken back to his cell. At 5:30 a.m., while still in the clinic, he complained that his skin was burning, and washed his chest and back with soap. He did not have a rash. He was discharged from the clinic by 7:00 a.m. The burning sensation was the only physical malady he complained of at the time.

On February 16, 2010, and February 23, 2010, Carroll complained that he still felt a burning sensation and itching from the chemical agent, but medical personnel could find no physical cause for the sensation (no redness, irritation, lesion, or sore). No objective medical evidence supports more that the initial burning sensation from the chemical agent, which Carroll washed off just after being sprayed. Carroll received two rule violation reports arising out of the incident – one for failing to obey an order and the second for destruction of state property valued at or more than $100.00 (though the value attributed to the paper form could not possibly be more than a few cents). The Mississippi Department of Corrections later determined that the use of chemical agent in this case was not justified and recommended that Lt. King face disciplinary action.

**Denial of Medical Treatment**

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's allegations and the evidence before the court simply do not rise to the level of a constitutional claim. Carroll was examined and treated within thirty minutes of being sprayed with the chemical agent. No medical evidence supports his claim of lingering burning, itchy skin. He was treated each time he requested medical attention. His allegations suggest, at most, that he would like to have received different treatment, but his desire for such treatment, without more, does not state a valid claim under 42 U.S.C. § 1983. These allegations will be dismissed for failure to state a claim upon which relief could be granted.

## Excessive Force

Carroll claims that a prison official used excessive force against him in violation of the Eighth Amendment. A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order. To prove this claim, Carroll must show that the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Factors which are relevant to this issue include "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v.*

*Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

The court agrees with the institution's finding that the use of chemical agent was not justified in the present case. Carroll posed no immediate threat, and a lesser means of gaining his compliance would have been the appropriate response to his actions. However, the force applied and the resulting injury were de minimis. Carroll suffered discomfort for a short time – and was asleep an hour after being sprayed. He had no lasting injury and received medical treatment each time he asked – and no objective proof exists to support his few claims of lingering burning sensations on his skin.

In addition, Carroll (who is a psychiatric patient) is an extremely disruptive inmate who has fashioned shanks, used cellular phones, passed contraband to other inmates, masturbated through the bars of his cell, defeated the security mechanism on his cell door, and has caused many other problems during his stay with the Mississippi Department of Corrections. Carroll has been enough of a security threat to cause the guards on his tier to act with extreme caution in dealing with him. Though King's use of the spray was misguided, it was clearly a "good-faith effort to maintain or restore discipline" rather than a malicious and sadistic act designed to cause harm. Carroll's claim

of excessive force will therefore be denied.

In sum, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 21st day of March, 2013.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**